Wei v. Barr

BIA
Douchy, IJ
A205 288 270

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of August, two thousand twenty.

PRESENT:
         GUIDO CALABRESI,
         DENNY CHIN,
         SUSAN L. CARNEY,
              *Circuit Judges.*
_____

QIANG WEI,
         *Petitioner,*

         v.                                          19-6
                                                     NAC
WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
         *Respondent.*
_____

FOR PETITIONER:          John S. Yong, Esq., New York, NY.

FOR RESPONDENT:          Ethan P. Davis, Acting Assistant
                         Attorney General; Anthony P.
                         Nicastro, Assistant Director;
                         Ilana J. Snyder, Trial Attorney;

Alma C. Atassi, Legal Intern, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Qiang Wei, a native and citizen of the People's Republic of China, seeks review of a December 14, 2018, decision of the BIA affirming a November 14, 2017, decision of an Immigration Judge ("IJ") denying Wei's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Qiang Wei,* No. A 205 288 270 (B.I.A. Dec. 14, 2018), *aff'g* No. A 205 288 270 (Immig. Ct. N.Y.C. Nov. 14, 2017). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4); *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d

2

Cir. 2018); *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013).

The agency may, "[c]onsidering the totality of the circumstances . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant," the plausibility of his account, and inconsistencies in his statements or between his statements and other evidence, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. The agency's adverse credibility determination is supported by substantial evidence.

Wei's statements contained multiple discrepancies, some of which concerned matters central to his claim for relief. First, Wei testified that he was beaten in detention, both by the police and by fellow inmates at the police's instigation. But, in his original written statement, Wei claimed only that the police encouraged other inmates to beat him. The agency did not err in considering the original statement. *See*

3

*Yuanliang Liu v. U.S. Dep't of Justice*, 455 F.3d 106, 111 (2d Cir. 2006) (holding that discrepancy between an applicant's original asylum application and the amended application and testimony provided substantial evidence in support of adverse credibility determination). And the agency reasonably concluded that this omission undermined credibility because the beating by the police was central to his claim. *See Hong Fei Gao*, 891 F.3d at 78-79 ("[I]n assessing the probative value of the omission of certain facts, an IJ should consider whether those facts are ones that a credible petitioner would reasonably have been expected to disclose under the relevant circumstances."); *see also Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (holding that "a material inconsistency in an aspect of [an applicant's] story that served as an example of the very persecution from which he sought asylum . . . afforded substantial evidence to support the adverse credibility finding" (internal quotation marks and citation omitted)). The agency was not required to accept Wei's explanation that he wrote the original statement in immigration detention, or that his previous attorney "only asked [him] to briefly write down" his

4

experiences, particularly since that statement provided details about the police-instigated beatings by inmates during the same period. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Second, Wei testified that his fellow inmates had been arrested "because they steal," and that he knew this because one of them had told him. By contrast, in his amended statement, he specified that he "did not know the reason for their detention." Wei did not compellingly explain this contradiction.

Third, Wei's testimony regarding post-detention monitoring was contradictory and difficult to follow. In his amended statement, Wei alleged that, in the week following his release, "the official of the local residential committee visited [his] home daily to see if [he] still attended any house church activities" and "[t]heir monitoring gradually ended after the first week." But during his testimony, he

5

claimed that "[e]very week, they came once.  Not every day." He also testified that they sometimes came "every other week," that he was not sure when they came because sometimes only his mother was home, and that the visits continued for at least two weeks.  When asked to explain his testimony, he asserted that the fact that they stopped "monitoring" him "[d]id not mean they do not come," and that, by "monitoring," he meant that the residential committee director lived on a lower floor of his building and noted when he entered and exited the building, but the police came to visit once a week or every other week.  Wei now vaguely argues that the IJ misunderstood his testimony due to a probable translation error having to do with the word "monitoring."  But he did not exhaust this argument before the agency.  *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 122–24 (2d Cir. 2007) (providing that we generally consider only issues exhausted before the BIA).  In any event, when he was given an opportunity to explain what he meant by "monitoring" during cross-examination, his testimony only became more confusing and contradictory.

Fourth, Wei omitted multiple employers in multiple states

6

from his asylum application. The agency did not err in considering this inconsistency because it may rely on discrepancies that do not go "to the heart of the applicant's claim" when evaluating credibility. 8 U.S.C. § 1158(b)(1)(B)(iii).

In addition to the above, we defer to the IJ's demeanor finding, which is supported by the record and which Wei does not challenge. *See Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005) (explaining that "IJ's ability to observe the witness's demeanor places her in the best position to evaluate whether apparent problems in the witness's testimony suggest a lack of credibility or, rather, can be attributed to an innocent cause such as difficulty understanding the question").

It is not clear whether the IJ also relied on testimony surrounding Wei's visa applications that the she found implausible, or merely discussed this testimony to note her concern for the record. In either event, the inconsistencies, omissions, and demeanor finding provide ample support for the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167. Because

7

Wei's claims for asylum, withholding of removal, and CAT relief all relied on the same discredited testimony, the credibility determination is dispositive of all forms of relief. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

<div style="margin-left:50%">
FOR THE COURT:<br>
Catherine O'Hagan Wolfe,<br>
Clerk of Court
</div>